IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ADAM ARTHUR and COLLEEN ARTHUR<br>   Plaintiffs,<br><br>v.<br><br>LIBERTY MUTUAL PERSONAL INSURANCE COMPANY<br>   Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 5:21-cv-00602_____ |

## DEFENDANT LIBERTY MUTUAL PERSONAL INSURANCE COMPANY'S NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Defendant Liberty Mutual Personal Insurance Company files this Notice of Removal pursuant to 28 U.S.C. §1446(a) and respectfully shows the following:

### *Procedural Background*

1.  On April 19, 2021, Plaintiffs Adam Arthur and Colleen Arthur ("Plaintiffs'), filed their Original Petition styled Cause 2021CI07675; *Adam Arthur and Colleen Arthur v. Liberty Mutual Insurance Company;* In the 225th Judicial District Court, Bexar County, Texas.[1]

2.  Service of suit upon Liberty Mutual's registered agent occurred on April 26, 2021 and Liberty Mutual timely answered thereafter on May 17, 2021.[2]

---

[1] *See* Exhibit A, Plaintiffs' Original Petition at page 1.
[2] *See* Exhibit A, Liberty Mutual Insurance Company's Original Answer.

3. On June 15, 2021, Plaintiffs amended their petition to name Liberty Mutual Personal Insurance Company, their insurance company, nonsuiting Liberty Mutual Insurance Company.[3]

4. On June 18, 2021, Defendant Liberty Mutual Personal Insurance Company (hereinafter "Liberty Mutual") filed its Original Answer.

5. Liberty Mutual now timely files this Notice of Removal within thirty (30) days of service of suit of the correct Defendant.

### *Nature of the Suit*

6. This lawsuit involves a dispute over Liberty Mutual's handling of Plaintiffs' insurance claim for damages allegedly caused by a severe weather event occurring on or about May 27, 2020 at Plaintiffs' property located at 205 Castano Avenue, San Antonio, Texas 78209. Plaintiffs assert causes of action against Liberty Mutual for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code (including unfair practice, unfair settlement practices, misrepresentation, failing to attempt in good faith to settle, failing to promptly provide a reasonable explanation, and refusing to pay), violations of the Texas Deceptive Trade Practice Act, unfair insurance practices, and breach of duty of good faith and fair dealing. Plaintiffs currently seek damages to repair their property, consequential damages, statutory interest penalties, prejudgment interest, exemplary damages, additional statutory damages, attorneys' fees, and costs of court.

### *Basis for Removal*

7. Removal is proper under 28 U.S.C. § 1332 because there is complete diversity of citizenship between the proper parties to the suit and the amount in controversy exceeds

---

[3] *See* Exhibit A, Plaintiffs' First Amended Original Petition.

$75,000.00, exclusive of interest and costs.[4]

8. Upon information and belief, Plaintiffs were each a citizen of Texas when the Petition was filed, and each continue to be a citizen of Texas.

9. At the time Plaintiffs' First Amended Original Petition was filed in State District Court on June 15, 2021 naming Liberty Mutual as Defendant, and as of the date of filing this Notice, Liberty Mutual Personal Insurance Company was and is not a citizen of the State of Texas for diversity jurisdiction purposes. Liberty Mutual is a company organized under the laws of the State of Massachusetts, with its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Accordingly, complete diversity exists between Plaintiffs and Liberty Mutual.

10. Further, this Court has diversity jurisdiction over this matter because the amount in controversy will likely exceed $75,000, exclusive of interest and costs. Plaintiffs have pled their damages are $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs in their petition.[5] Consistent with the amount sought in the Petition, this dispute will likely exceed the amount in controversy required for diversity jurisdiction pursuant to 28 U.S.C. §1332.

11. In addition, in determining the amount in controversy, the court may consider "policy limits and potential attorney's fees, penalties, statutory damages, and punitive damages."[6]

---

[4] Plaintiffs have failed to give Liberty Mutual fair notice of the damages they allege were caused by Liberty Mutual's alleged wrongdoing; however, Plaintiffs' First Amended Original Petition does assert that Plaintiffs' seek "monetary relief of $250,000 or less, excluding interest, statutory or punitive damages and penalties, and attorneys' fees and costs." *See* Exhibit A, Plaintiffs' First Amended Original Petition at page 9.

[5] *See* Exhibit A, Plaintiffs' First Amended Original Petition at page 9.

[6] *St. Paul Reinsurance Co., Ltd v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds*, 1999 WL 151667 (N.D. Tex. Mar. 10, 1999) at *2-3 (finding a sufficient amount in controversy in Plaintiffs' case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co., et. al.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Insurance Exchange*, 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a

Here, Plaintiffs claim severe weather caused damages to their property that Plaintiffs insured through Liberty Mutual.[7] Plaintiffs seek damages for Liberty Mutual's alleged failure to pay them what was owed under the terms of the insurance contract.[8] The Policy at issue for the reported date of loss is a Liberty Guard Deluxe Homeowners Policy with coverage limits of $327,900 for the dwelling and $196,740 for personal property.

12. In addition, Plaintiffs seek actual damages, interest, statutory or punitive damage and penalties.[9] Plaintiffs also seek attorney fees for bringing this suit.[10] Thus, given the plain language of the pleading, the Policy involved in Plaintiffs' claim, the nature of Plaintiffs' claim, and the types of damages sought, it is more likely than not that the amount in controversy exceeds the federal jurisdictional minimum of $75,000.

13. Based on the Policy's coverage limits and the damages alleged, it would be legally possible for Plaintiffs to obtain a recovery of at least $75,000.00.

### *The Removal is Procedurally Correct*

14. Liberty Mutual was first served with Plaintiffs' First Amended Original Petition in District Court on June 15, 2021. Therefore, Liberty Mutual filed this Notice of Removal within the 30-day time period required by 28 U.S.C. §1446(b).

---

claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages); *see also Waldon v. Stonebridge Life Ins. Co.,* 2013 WL 12090036 (W.D. Tex. Oct. 8, 2013) at *1 (" In ascertaining the amount in controversy, a court may consider policy benefits, potential attorney's fees, as well as penalties, statutory damages, and punitive damages the insurer could be liable for under state law." (citing *St. Paul,* 134 F.3d at 1253)).

[7] *See* Exhibit A, Plaintiffs' First Amended Original Petition at page 2.
[8] *See* Exhibit A, Plaintiff's First Amended Original Petition at page 3.
[9] *See* Exhibit A, Plaintiff's First Amended Original Petition at page 9.
[10] *See* Exhibit A, Plaintiff's First Amended Original Petition at page 10.

15. Venue is proper in this district under 28 U.S.C. §1446(a) because this district and division embrace the place in which the removed action has been pending and because a substantial part of the events giving rise to Plaintiffs' claims allegedly occurred in this district.

16. Pursuant to 28 U.S.C. §1446(a), all pleadings, process, orders, and all other filings in the state court action are attached to this Notice as Exhibit A.

17. Pursuant to 28 U.S.C. §1446(d), promptly after Liberty Mutual files this Notice, written notice of the filing of this Notice of Removal will be given to Plaintiffs, the adverse party.

18. Pursuant to 28 U.S.C. §1446(d), a true and correct copy of this Notice will be filed with the District Clerk for 225th Judicial District Court for Bexar County, Texas, promptly after Liberty Mutual files this Notice.

WHEREFORE, Defendant Liberty Mutual Personal Insurance Company requests that this action be removed from the 225th Judicial District Court of Bexar County, Texas to the United States District Court for the Western District of Texas, San Antonio Division, and that this Court enter such further orders as may be necessary and appropriate.

Respectfully submitted,

LINDOW ▪ STEPHENS ▪ SCHULTZ LLP
One Riverwalk Place
700 N. St. Mary's St., Suite 1700
San Antonio, Texas 78205
Telephone:   (210) 227-2200
Facsimile:   (210) 227-4602
dstephens@lsslaw.com
rrabago@lsslaw.com

By: _____
David R. Stephens
State Bar No. 19146100
*Attorney-in-Charge*
Rebecca M. Rábago

5

State Bar No. 24042442

COUNSEL FOR DEFENDANT LIBERTY
MUTUAL PERSONAL INSURANCE COMPANY

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the foregoing Notice of Removal was filed electronically with the United States District Court for the Western District of Texas – San Antonio Division, with notice of case activity to be generated and sent electronically by the Clerk of the Court with ECF notice being sent and via email on the 23rd day of June, 2021, addressed to those who do not receive notice from the Clerk of the Court.

Clare P. Rodgers
PACE RODGERS LAW, PLLC
310 West Sunset, Suite 203
San Antonio, Texas 78209
crodgers@pacerodgerslaw.com

David R. Stephens / Rebecca M. Rábago